UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BARBARA BURROWS,

    Plaintiff,

v.                                              Case No: 5:14-cv-197-Oc-30PRL

THE COLLEGE OF CENTRAL
FLORIDA,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Reconsideration (Doc. 57) and Defendant's response in opposition thereto (Doc. 59). For the foregoing reasons, the Court concludes that Plaintiff's motion should be denied.

## BACKGROUND

Plaintiff Barbara Burrows is a former employee of Defendant. Following her termination of employment with Defendant, Plaintiff initiated this action in Fifth Judicial Circuit in and for Marion County, Florida, on November 22, 2013, asserting the following claims against Defendant: (1) gender discrimination under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-2000e-17, and the Florida Civil Rights Act, Fla. Stat. §§ 760.01-.11 ("FCRA"); (2) religious discrimination under Title VII and the FCRA; (3) martial status discrimination under the FCRA; (4) gender stereotype discrimination under

Title VII; and (5) retaliation under Title VII and the FCRA. (Doc. 2). On April 1, 2014, Defendant removed the action to this Court. (Doc. 1).

Defendant moved to dismiss Plaintiff's claims for religious discrimination and marital status discrimination. (Doc. 5). The Court granted Defendant's motion in part, dismissing Plaintiff's claim for religious discrimination for failure to state a claim upon which relief could be granted. (Doc. 27). Defendant then moved for summary judgment on Plaintiff's remaining claims. (Doc. 43). The Court granted Defendant's motion for summary judgment in its entirety, finding that Plaintiff failed to present a genuine issue of material fact as to any of her claims and therefore Defendant was entitled to summary judgment. (Doc. 51).

Plaintiff now seeks reconsideration of the Court's order granting summary judgment in favor of Defendant arguing that the Court's order did not consider the record taken as a whole. (Doc. 57). Plaintiff also requests that the Court reconsider its decision in light of the opinion of the Equal Employment Opportunity Commission issued on July 15, 2015, in EEOC Appeal No. 0120133080 (July 15, 2015), which found that discrimination based on sexual orientation is an actionable form of sex discrimination.

## DISCUSSION

Motions for reconsideration are permitted when there is (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error or manifest injustice. *Tristar Lodging, Inc. v. Arch Speciality Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) *aff'd sub nom. by Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 215 Fed. App'x. 879 (11th Cir. 2007). A motion for reconsideration must demonstrate

why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* (internal quotation marks omitted).  A motion for reconsideration cannot be used to re-litigate old matters, raise new arguments, or present evidence that could have been raised prior to the entry of judgment.  *See Parker v. Midland Credit Mgmt., Inc.*, 874 F. Supp. 2d 1353, 1359 (M.D. Fla. 2012); *see also Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).  "The decision to alter or amend a judgment is an 'extraordinary remedy.'"  *Tristar Lodging, Inc.*, 434 F. Supp. 2d at 1301.

Plaintiff first contends that the EEOC's recent decision constitutes an intervening change in controlling law and that it supports Plaintiff's position that discrimination based on her attraction to women is sufficient to state a claim for discrimination based on sex or gender stereotype discrimination.  The EEOC held that "sexual orientation is inherently a 'sex-based consideration,' and an allegation of discrimination based on sexual orientation is necessarily an allegation of sex discrimination under Title VII."

In granting summary judgment for Defendant on Plaintiff's claim for sexual stereotype discrimination, the Court concluded that Plaintiff's claim was merely a repackaged claim for discrimination based on sexual orientation, which was not recognized under federal law as a class protected by Title VII.[1]  Although the EEOC's decision is relevant and would be considered *persuasive* authority, it is not *controlling*.  *See Gen. Elec. Co. v. Gilbert*, 429 U.S. 125, 141-42 (1976), *superseded by statute on other grounds as*

---

[1] The Court also found that even if Plaintiff stated a cognizable claim for gender stereotype discrimination, her claim failed because she failed to establish pretext.

3

*recognized in Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 88-89 (1983). Until the Supreme Court or Eleventh Circuit recognizes the opinion expressed in the EEOC's decision as the prevailing legal opinion, the Court declines to reconsider in light of the EEOC's decision.

Next, Plaintiff contends that the Court failed to consider the totality of the circumstances in considering whether Plaintiff established pretext. The Court stands by its analysis of the evidence presented by Plaintiff and Defendant. Plaintiff also argues that the Court unduly emphasized Plaintiff's failure to present evidence of comparators. However, Plaintiff misunderstands the Court's discussion. The Court did not find that Plaintiff was required to present evidence of comparators; rather the Court noted that the treatment of similarly-situated individuals is one method by which a plaintiff can establish disparate treatment. In light of the fact that Plaintiff was unable to present any other evidence of disparate treatment, the lack of similarly-situated individuals was probative of Plaintiff's claims for disparate treatment.

Finally, Plaintiff takes issue with the Court's interpretation of the evidence regarding whether any positions were available as an adjunct for Plaintiff to fill. Plaintiff simply rehashes arguments previously made and that the Court considered. Such an argument is not a proper basis for reconsideration.

## **CONCLUSION**

Because Plaintiff has not raised a meritorious basis for reconsideration, the Court concludes that her motion should be denied.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Reconsideration (Doc. 57) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 9th day of September, 2015.

                                             /s/ James S. Moody, Jr.
                                             JAMES S. MOODY, JR.
                                             UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record