**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

BARBARA BURROWS,

    Plaintiff,

v.                                                Case No:  5:14-cv-197-Oc-30PRL

THE COLLEGE OF CENTRAL
FLORIDA,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Renewed Motion for Costs and Expenses (Doc. 56) and Plaintiff's response in opposition thereto (Doc. 58). The Court, having reviewed the motion, supporting documents, objections, and being otherwise fully advised in the premises, concludes that the motion should be granted in part and denied in part.

**PROCEDURAL BACKGROUND**

Plaintiff is a former employee of Defendant. Following her termination of employment with Defendant, Plaintiff initiated this action in Fifth Judicial Circuit in and for Marion County, Florida, on November 22, 2013, asserting the following claims against Defendant: (1) gender discrimination under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-2000e-17, and the Florida Civil Rights Act, Fla. Stat. §§ 760.01-.11 ("FCRA"); (2) religious discrimination under Title VII and the FCRA; (3) marital status discrimination

under the FCRA; (4) gender stereotype discrimination under Title VII; and (5) retaliation under Title VII and the FCRA. (Doc. 2). On April 1, 2014, Defendant removed the action to this Court. (Doc. 1).

Defendant then filed a motion to dismiss Plaintiff's claims for religious discrimination and marital status discrimination. (Doc. 5). The Court granted Defendant's motion in part, dismissing Plaintiff's claim for religious discrimination. (Doc. 27). Thereafter, Defendant moved for summary judgment on Plaintiff's remaining claims, which the Court granted, entering judgment in favor of Defendant. (Docs. 43, 51, 52). Plaintiff subsequently filed a motion for reconsideration, which the Court denied. (Docs. 57, 60).

Defendant now seeks costs in the total amount of $4,639.90 pursuant to Federal Rule of Civil Procedure 54(d). (Doc. 56.).

## STANDARD FOR AWARDING COSTS

Federal Rule of Civil Procedure 54(d)(1) prescribes an award of costs for a prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. *See Durden v. Citicorp Trust Bank, FSB*, No. 3:07-cv-974-J-34JRK, 2010 WL 2105921, at *1 (M.D. Fla. Apr. 26, 2010) (stating that Rule 54 establishes a presumption that costs should be awarded unless the district court decides otherwise (citing *Chapman v. Al Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000))). Summary judgment was granted in favor of Defendant. Thus, Defendant is the prevailing party in this case and is entitled to costs under Rule 54(d)(1). *See Powell v. Carey Int'l, Inc.*, 548 F. Supp. 2d 1351, 1356 (S.D. Fla. 2008) (stating that a prevailing party is one who

"prevailed on 'any significant issue in the litigation which achieved some of the benefit the parties sought in bringing the suit'" (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989))).

A strong presumption exists in favor of awarding costs, unless the district court decides otherwise. *See Durden*, 2010 WL 2105921, at *1; *see also Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001). The district court's discretion in not awarding all costs is limited; the district court must articulate a sound reason for not awarding full costs. *See Chapman*, 229 F.3d at 1038-39; *Durden*, 2010 WL 2105921, at *1. "However, a court may only tax costs as authorized by statute." *E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). Specifically, pursuant to 28 U.S.C. § 1920, the following may be taxed as costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under [28 U.S.C. § 1923]; [and]
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

*See generally Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987), *superseded on other grounds by* 42 U.S.C. § 1988(c) (finding that 28 U.S.C. § 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court

may tax as a cost under the discretionary authority granted in Rule 54(d)).  The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses.  *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994).

## **DISCUSSION**

Defendant seeks reimbursement for total costs of $4,446.90 comprising: (1) $400 for the removal fee; (2) $3,671 for costs incurred in transcribing depositions; and (3) $375.90 for the costs of copies for discovery, pleadings, correspondence, and exhibits.

**1. Fees of the Clerk**

Defendant first seeks reimbursement in the amount of $400 for the cost of removing this action from state court.  Fees of the clerk and marshal are recoverable under § 1920(1), and Plaintiff does not object to recovery of the removal fee.  Accordingly, Defendant should be awarded $400 in costs for fees of the Clerk.

**2. Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case**

Next, Defendant seeks reimbursement in the amount of $3,671 for costs incurred for transcription of the depositions of Barbara Burrows, Joseph Mazur, Mark Paugh, James Roe, and Allan Danuff.  Generally, § 1920(2) authorizes taxation of costs for deposition transcripts "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *see also Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002).  Costs for transcripts of depositions conducted in support of a motion for summary judgment or

depositions conducted of witnesses listed on a party's witness list are exemplary of the types of costs recoverable under § 1920(2). *See, e.g.*, *Family Oriented Cmty. United Strong, Inc. v. Lockheed Martin Corp.*, No. 8:11-cv-217-T-30AEP, 2012 WL 6575348, at *1 (M.D. Fla. Dec. 17, 2012). However, "where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *W & O, Inc.*, 213 F.3d at 621.

Plaintiff agrees that Defendant is entitled to reimbursement for the costs of transcribing the depositions of Barbara Burrows and Mark Paugh since Defendant relied upon those depositions in its motion for summary judgment. Plaintiff does not agree, however, that Defendant is entitled to reimbursement for the transcription costs of the depositions of Joseph Mazur, James Roe, or Allan Danuff. Plaintiff also argues that Defendant attempts to recover several costs not recoverable under § 1920(2), such as fees for shipping and handling, costs for scanning and copying exhibits, and the costs for an "e-litigation" package.

Because Defendant relied on the depositions of Barbara Burrows and Mark Paugh in its motion for summary judgment, those depositions were necessarily obtained for use in the case and are recoverable under § 1920(2). Similarly, the depositions of Joseph Mazur, James Roe, and Allan Danuff, although not ultimately relied upon by Defendant, were not unrelated to an issue in the case at the time they were taken; thus, Defendant would be entitled to recover the costs of those depositions as well. *See Watson v. Lake Cnty.*, 492 Fed. App'x 991, 996-97 (11th Cir. 2012) ("[E]ven where a deposition is not ultimately used [at trial or in a summary judgment motion] as part of the prevailing party's

case, we have held that the costs of the deposition are taxable under § 1920 where no evidence shows that the deposition was unrelated to an issue in the case at the time it was taken.").

Yet, as noted by Plaintiff, Defendant seeks to improperly recover extra costs in the preparation of such transcripts, such as costs for shipping and handling, costs for copying and scanning exhibits, and the costs of an "e-litigation" package. *See id.* at 997 (finding that a district court abused its discretion by taxing costs for shipment and binding of depositions because "§ 1920 does not authorize recovery of costs for shipment of depositions or costs for binders, tabs, and technical labor"). Because Defendant cannot properly tax these costs, the Court concludes that Defendant is only entitled to recover $3,301.25 for the costs of transcribing depositions, constituting $445.25 for the deposition transcripts of Mark Paugh, $318.50 for the deposition transcripts of James Roe, $289.25 for the deposition transcripts of Allan Danuff, $653.25 for the deposition transcript of Joseph Mazur, and $1,595.25 for the deposition transcripts of Barbara Burrows.

### 3. Fees for Exemplification and the Costs of Making Copies of Any Materials Where the Copies are Necessarily Obtained for Use in the Case

Finally, Defendant requests reimbursement in the amount of $375.90 for costs associated with making copies of materials where the copies were "necessarily obtained for use in the case." Such fees are recoverable costs provided that Defendant presents evidence establishing the nature of the documents and how they were used or intended to be used in the case. 28 U.S.C. § 1920(4); *Palmer v. Johnson*, No. 2:09-cv-604-FTM-29, 2012 WL 4512918, at *4 (M.D. Fla. Oct. 2, 2012). Typically, "'[c]opies attributable to

6

discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are recoverable.'" *Gordon v. Beary*, No. 6:08-cv-73-Orl-36KRS, 2012 WL 3291699, at *2 (M.D. Fla. July 27, 2012) (quoting *Desisto Coll., Inc. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989)). On the other hand, "[c]opies obtained for the convenience of counsel, including extra copies of filed papers, correspondence, and copies of cases, are not taxable." *Id.*

Defendant seeks reimbursement for copy costs associated with 3,757 pages at $.10 per page for copies of discovery documents, exhibits submitted in support of Defendant's motion for summary judgment, a courtesy copy of Defendant's motion for summary judgment, copies of exhibits used at Plaintiff's deposition, and copies of exhibits attributable to the corporate representative. Plaintiff objects to the number of copies for which Plaintiff seeks reimbursement, asserting that the copies were cumulative and unnecessary. Plaintiff asserts that Defendant should only be entitled to recover costs for the motion for summary judgment and attached exhibits, which amounts to 556 pages or $55.60, and for the ninety pages of exhibits utilized during Plaintiff's deposition, which would amount to $9.

For a fee to be compensable the taxing party must provide adequate documentation and description regarding the necessity of the cost. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1340 (M.D. Fla. 2002). Defendant has provided no

documentation substantiating its copy costs and their necessity for use in the case.[1]  Thus, the Court is inclined to agree with Plaintiff that Defendant's copy costs should be limited to the courtesy copy of its motion for summary judgment that was provided to the Court and the costs of the exhibits obtained for use in Plaintiff's deposition.  Accordingly, Defendant should be awarded copy costs in the amount of $64.60.

## CONCLUSION

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1.  Defendant's Renewed Motion for Costs and Expenses (Doc. 56) is GRANTED in part and DENIED in part.

2.  The Clerk is directed to enter a Bill of Costs in the amount of $3,765.85 in Defendant's favor and against Plaintiff.

**DONE** and **ORDERED** in Tampa, Florida, this 10th day of September, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

---

[1] Defendant provided the Court with a single document showing the copy costs incurred in the case, but the document is vague and does not reflect how the copies were necessarily obtained for use in the case.